FOLOLE FALEFIA on behalf of herself
and her heirs, Plaintiff

v.

ATOA SIPILI, Defendant

High Court of American Samoa
Land and Titles Division

LT No. 28-85

January 5, 1988

Before    KRUSE,    Associate    Justice,    LUALEMAGA,
Associate Judge, and TUIAFONO, Associate Judge.

Counsel: For Plaintiff, Charles Ala'ilima
         For Defendant, Edwin Gurr

        This matter arose upon plaintiffs' attempts to
have registered with the office of the Territorial
Registrar, a certain 6.53 acre parcel of land,
"Soata", in individual ownership. Defendant, Atoa
Sipili, lodged an objection to the extent that 1.65
acres of the northwestern extreme of the said
parcel was his individually owned claim. The
difference then in acreage is not contested, and
accordingly such remaining portion of the land may

1

be registered in plaintiffs' name in accordance, and in compliance, with A.S.C.A §§ 37.0101 et. seq.

At issue before the Court is entitlement to the 1.65 acres.

The lands contiguous to "Soata" have all been surveyed and registered with the Territorial Registrar. To the east or airport side of "Soata", some 8.67 acres, was registered by Sipili Atoa, the father of defendant, in 1983. To the north or inland side, the land is bounded by a survey earlier established by one Otto Haleck. The western or Iliili side of "Soata" has a common boundary to a survey made by one, Misi Uaita, who in turn conveyed his interests to a Opapo Afualo. The southern boundaries to all these lands is the FAA dedicated road, a public highway.

Plaintiff, Folole Falefia, testified that she, her late husband, and children first went upon the land in 1959 and began clearing the bush and commenced cultivation. She testified that in these earlier times, the only other in the area was defendant's father, Sipili, who worked the land from the airport side of plaintiffs. According to Folole, her family and Sipili co-existed in harmony, both sides working from the road way and clearing inland over the years. Boundary disputes were peaceably resolved and plaintiffs stated that they continued clearing the land until they encountered Otto Haleck to the north. They claimed that they have maintained their plantations to date on the whole of this land and in 1978, some of plaintiffs' family actually built a residence on the property.

Mrs. Falefia further testified that in 1983 her family received notice of Sipili's application to register title to the lands he had cleared. She consulted Sipili at the time and determined that the latter's survey tracked their common understanding with the boundary and accordingly, did not object. Sipili's claim was accordingly registered.

In the following year, plaintiffs reduced their claim to a survey for purposes of registration and in making their offer to register, defendant Atoa Sipili objected as stated. According to plaintiffs, the defendant Atoa Sipili

2

shortly thereafter in 1985, crossed over the boundary established by plaintiffs with Sipili, and began planting crops on plaintiffs' claim.

Defendant's version on the other hand is as follows: some time in the year 1956, prior to there being a road, he had met the late Falefia in the vicinity. Falefia was clearing at that time at what is now the opposite side of the roadway, and he eventually proceeded over to the direction of defendant's clearing. Atoa went on to state that, at the time, there was an Aoa tree located on what is now their common boundary towards the northern end, and that he had come to an agreement with Falefia, at the time, that whoever of the two reached the Aoa tree first could cut across the natural direction of the other's clearing. Atoa claims that he reached this Aoa tree first but found that someone else had, at some time earlier, felled trees in the location. This someone, he later determined to be Misi Uaita. What was left uncleared by Misi Uaita, he, Atoa, completed in clearing and then commenced to plant crops in certain areas of the clearing. It is the supposed location of this Aoa tree which defendant claims as his point of beginning and his survey offered is essentially a straight line taken from this point of beginning to the opposing parallel boundary of plaintiffs' survey.

In our assessment of the testimony and evidence presented, the Court finds in favor of plaintiffs. Defendant has attempted to impress the Court that it was his direction and control which resulted in his family's land stake. This is difficult to accept when the evidence was quite clear that defendant's father Sipili was concerned with establishing a claim to land from the outset. Given this finding, it is even more difficult to accept that defendant, as a 17 year old youth in 1956, would be entering into land pacts with the late Falefia without his father Sipili having a say in the matter.

We note the following as cogent: it was Sipili who cleared and cultivated alongside the Falefias throughout the many years involved in cultivating and developing the area; it was Sipili who registered his entitlement to the adjoining land "Mosooi" in 1983 and enjoyed the consensus of plaintiff as to the common boundary; Sipili's 1983 registered survey did not attempt to encompass an

3

additional area of land located in the natural direction of plaintiffs' cultivation and clearing which developed parallel to Sipili's on the airport side together with Misi Uaita to the Iliili side; Sipili did not object to plaintiffs' offer for registration; for so many years these developers have been at harmony until defendant came into the picture and commenced the desperate exercise of planting crops in 1985 on what was claimed by plaintiffs.

Defendant also presented an alternative premise to entitlement. He attempted to set up a claim through Misi Uaita. Misi testified that the disputed area either belonged to him or was originally cleared by him, and that he was reserving this area for defendant who wanted the same for a business.

The testimony of Misi is also difficult to accept. In 1973, Misi conveyed his interests to the land adjoining plaintiffs' claim to a Opapo Afualo. To these ends, Misi undertook the first survey in the vicinity. As a result of this survey, Misi's boundary with plaintiffs was reduced to metes and bounds and his survey was put through without objection from the Falefias. To claim at this later stage that he also has an interest in the disputed 1.65 acres, outside the boundary line he had established in 1973, can hardly be taken as serious contention. Notwithstanding, Misi has not objected to the registration offer by plaintiffs which includes the 1.65 acres. Pursuant to A.S.C.A § 37.0103, any such claims he may have, may not now be considered. <u>See</u> <u>Komiti Puluti v. Muliufi et.</u> <u>al.</u> 4 A.S.R. 672 (1965).

### CONCLUSION

It is the conclusion of the Court based on the foregoing that the land in dispute is the property of Folole Falefia and her children. Accordingly, the objection made by defendant Atoa Sipili is held to be without merit and may therefore be disregarded by the Territorial Registrar.

Absent other third party objections timely made, the Registrar is directed to register the land "Soata" as more particularly described in DRWG No. 326-8-85, as the individually owned land of plaintiffs in accordance with their offer of

4

registration and compliance with the provisions of A.S.C.A § 37.0103(a).

It is so ORDERED.